[No. 20524. In Bank. — March 19, 1889.]

EX PARTE ROBERT LLOYD, ON HABEAS CORPUS.

POLICE COURT OF SAN FRANCISCO — CONSTITUTIONAL LAW. — The act of March 5, 1889, creating the police court of the city and county of San Francisco, does not have the effect, nor was it intended, to abolish the existing police courts of the city and county, but to add to the existing courts another judge, and to reorganize the court in departments, with a presiding judge, and though it makes a slight change in the name of the courts, is not unconstitutional, as assuming to make the former judges the judges of a new court by act of the legislature.

APPLICATION for *habeas corpus.* The facts are stated in the opinion of the court.

*J. A. Spinetti,* and *W. T. Baggett,* for Petitioner.

*Crittenden Thornton,* for Respondent.

*Alfred Clarke, amicus curiæ,* representing Hale Rix, police judge.

WORKS, J.—This is an application for the discharge of the petitioner from imprisonment, under a judgment of conviction for battery, rendered by the police court of the city and county of San Francisco. The only ground upon which the right to his discharge is claimed by the petitioner is, that the act creating said court is unconstitutional. The act referred to was approved March 5, 1889. The first section thereof provides:— 

"Sec. 1. There is hereby created and established in

and for the city and county of San Francisco, state of California, a court, to be known as the 'Police Court of the City and County of San Francisco,' which court shall consist of three judges, who shall be elected at the general elections held according to law, each of whom shall hold office for the term of two years, any one or more of whom may hold court. The court shall be divided into departments known as Department Number One, Department Number Two, Department Number Three. There may be as many sessions of said court, at the same time, as there are judges thereof. The judges shall choose from their number a presiding judge, who may be removed at their pleasure. He shall assign the judges to their respective departments; *provided, however*, that either of the judges may preside in either of the departments in the absence or inability to act of the judge regularly assigned thereto. The judgments, orders, and proceedings of any session of said court, held by any one or more of the judges of said court respectively, shall be equally effectual as if all of the judges of said respective courts presided at such session."

This is followed by provisions defining the jurisdiction, regulating the organization, and providing the officers for the court. Section 11 of the act is as follows:—

"Nothing in this act shall be construed as affecting the two judges at present acting as police judges in the city and county of San Francisco; but they shall immediately after the passage of this act become judges of the police court of the city and county of San Francisco, and hold office for the length of time for which they have been elected. Within thirty days after the passage of this act, the governor of the state of California shall appoint a suitable person to act as judge of the police court of the city and county of San Francisco, who shall hold office until the first Monday in January, 1891, and he, together with two judges aforesaid, shall constitute the police court of the city and county of San Francisco

until their successors are elected and qualified according to law. The salary of each of the judges of said court shall be the same as that now paid the judge of the police judge's court of the city and county of San Francisco."

At the time this statute was enacted there existed in the city and county of San Francisco two courts known as police judges' courts, and presided over by the judges referred to in section 11 of the act. The jurisdiction of these courts was precisely the same. They were essentially one and the same court, acting in departments, and constituted the police court of the city and county.

The only objection to the new act worthy of consideration is, that it created a new court, to consist of three judges, and that being a new court, the then judges of the police judges' courts could not be declared and made judges thereof by an act of the legislature.

Immediately after the enactment of the statute, H. L. Joachimsen was appointed a judge of said police court, and qualified as such; whereupon the two judges of the police judges' courts and said Joachimsen organized said court by electing one of their number presiding judge, and each of said judges was assigned to one of the departments of the court. Judge Joachimsen being so assigned to Department Three, the petitioner was regularly charged before him, and tried and convicted.

Assuming that the two old judges were not parts of the court, it is urged that the court had not legally organized, and was not a court, and the trial and conviction of the petitioner was for that reason without authority of law.

The act in question is not carefully and accurately worded, but its object, purpose, and effect seem to us to be clear enough.

It does not have the effect, nor was it intended, to abolish the existing police courts of the city and county, or to create a new and independent court, but to add to

the existing courts another judge, and to reorganize the court thus increased in numbers, by dividing the same into departments, with a presiding judge. This is perfectly clear from the fact that the jurisdiction, powers, and duties of the court are unchanged. The only ground upon which it could be claimed that anything more was intended than above stated is the slight change made in the name of the court, and this should have no weight, when, taking the whole act together, the legislative intent is so apparent.

We hold, therefore, that the act in question is constitutional, and that the petitioner should be remanded.

It is so ordered.

BEATTY, C. J., PATERSON, J., SHARPSTEIN, J., THORNTON, J., and McFARLAND, J., concurred.