De Haven, J., concurring.
—I concur in the judgment of affirmance, upon the ground that mandamus is not the proper remedy, but I dissent from so much of the opinion of Mr. Justice Sharpstein as holds that the act of March 17, 1876 (Stats. 1875-76, p. 325), is repealed by the later act of March 5, 1889 (Stats. 1889, p. 62); and upon this latter point I adopt as a correct statement of the law the opinion of Mr. Commissioner Belcher, prepared for the court upon the former submission of this case. In that opinion it is said: —
“ By an act of the legislature, approved April 1, 1870 (Stats. 1869-70, p. 585), it was provided that ‘the Home for the Care of the Inebriates of San Francisco shall always be kept open for the reception and care of inebriates, both male and female, of every nationality and sect, free of charge for their support, care, or medical attendance, while they necessarily remain therein’; and that any police judge or magistrate of the city and county of San Francisco is hereby empowered to commit any person whom he shall convict of habitual intemperance to said Home.’
*146 “ By another act, entitled An act to provide for the care and maintenance of inebriates and certain insane persons in the city and county of San Francisco,’ approved March 17, 1876 (Stats. 1875-76, p. 825), it was provided that ‘the fines and forfeitures, not exceeding <eight hundred dollars in the aggregate in any one .(month, imposed and collected by the police judge’s ■court in and for the city and county of San Francisco, :from persons arrested for being drunk or under the in■fluence of 'liquor, shall be by the clerk of said police judge’s court immediately paid to the president, secretary, and treasurer, or a majority of them, of the Home •for the Care of Inebriates of said city and county, for the support and maintenance of said Home for the Care of Inebriates, and the construction and improvements of .a building for said Home for the Care of Inebriates ’; .and that ‘all persons in said city and county charged with being insane, and pending their examination, or 'found to be insane and en route for a state insane asylum, .shall be placed in said Home, and shall be cared for by the officers thereof while in said Home, without charge : to said city and county.’
“ The petitioner is now, and has been for more than •twenty-five years, an eleemosynary corporation, duly incorporated and existing under the laws of this state, and : situated in-the city and county of San Francisco. It has a duly elected, qualified, and acting president, secretary, and treasurer, and is the owner of a lot and ’building- thereon, in the said city and county, which is now, and* has been for several years, used as a home for inebriates and insane persons committed to its care. It has always, since the passage of the aforesaid acts, fully complied with their provisions, and has at all times kept its Home open for the reception and care of inebriates, both male and female,- of every nationality and sect, free . of charge for their support, care, and medical attendance, and has received therein all persons in said city arid county charged with being insane, and pending their examination, and all persons found to be insane *147 and en route to an insane asylum, and has cared for, supported, and furnished medical attendance to them, without charge. It now has under its care a large number of persons who are habitually intemperate, and others who are insane, and the money appropriated by the act of March 17, 1876, is necessary to pay for the maintenance of the said Home.
“ Between the fifth day of March and the first day of November, 1889, certain fines and forfeitures, the amount for each month being specifically named, were by the police court of the city and county of San Francisco imposed upon and collected from persons arrested for being drunk or under the influence of liquor; and all of the moneys so collected were paid into the hands of the respondent, as treasurer of the said city and county, and are now in his possession. Prior to the commencement of this proceeding, petitioner duly demanded of respondent payment of all the said several sums of money, except the amounts in excess of eight hundred dollars, but respondent refused, and has ever since refused, to pay the same, or any part thereof, to it, or to any of its officers, or to any one in its behalf. Wherefore judgment is asked, commanding such payment to be made.
“ The respondent contends that the act of March 17, 1876, was repealed by an act approved March 5, 1889. (Stats. 1889, p. 62.)
“ The last-named act is entitled An act to create a police court in and for the city and county of San Francisco, state of California/ and the provisions relied upon as effecting the repeal are sections 10 and 13, which read as follows: —
“ ‘ Sec. 10. All fines and forfeitures imposed by said court shall be paid into the treasury of said city and county, by the clerk of each department, once a week/
“ ‘ Sec. 13. All acts and parts of acts that are in conflict with the provisions of this act are hereby repealed.’
“ It will be observed that no special reference is made to the act of March 17,1876, and the repeal, if any was *148 effected, was therefore by implication. But the general and well-settled rule is that repeals by implication are not favored.
“ Judge Cooley, in his work on Constitutional Limitations, 6th ed., 182, states the law as follows: ‘Repeals by implication are not favored; and the repugnancy between two statutes should be very clear to warrant a court holding that the later in time repeals the other, when it does not in terms purport to do so. This rule has peculiar force in the case of laws of special and local application, which are never to be deemed repealed by general legislation except upon the most unequivocal manifestation of intent to that effect/
“In Endlieh on the Interpretation of Statutes, sec. 223,this language is used: ‘A general act is to be construed as not repealing a particular one, that is, one directed towards a special object or a special class of objects.....Having already given its attention to the particular subject and provided' for it, the legislature is reasonably presumed not to intend to alter that special provision by a subsequent general enactment, unless that intention is manifested in explicit language, or there be something which shows that the attention of the legislature has been turned to the special act, and that the general one was intended to embrace the special cases within the previous one.....The general statute is read as silently excluding from its operation the cases which have been provided for by the special one.....The fact that the general act contains a clause repealing acts inconsistent with it does not diminish the force of this rule of construction/ (And see People v. Quigg, 59 N. Y. 83; Merrill v. Gorham, 6 Cal. 42; Crosby v. Patch, 18 Cal. 439.)
“ Under the law as thus declared, can the respondent’s contention be sustained ? We do not think it can. The police judge’s court was created by the Consolidation Act of the city and county of San Francisco, passed in 1856, and it was therein provided that the clerk of the court should ‘ receive and pay weekly into the treasury *149 of the city and county all fines imposed by said court.’ The act of March 5, 1889, was in effect an amendment of the Consolidation Act, and though it slightly changed the name of the old police court, it was not intended, and did not have the effect, to abolish that court, but only to add another judge thereto, and to reorganize the court thus increased in numbers, by dividing the same into departments, with a presiding judge. (Ex parte Lloyd, 78 Cal. 421.)
“ The legislature had no power, by a local or special law, to create new offices, or to prescribe the powers and duties of officers (Const., art. IV., sec. 25, subd. 28); nor did it attempt to do so. It simply, so far as the duties of • the clerk as to paying over fines were prescribed, repeated, in substance, the language of the old act.
“ In this we see nothing to indicate that the attention of the legislature was turned to the special act of March 17, 1876, or that there was any intention or purpose to repeal it.
“ It results, that when the respondent received the money in controversy, he received and held it for the use of petitioner.”
But conceding this to be so, mandamus is not the proper remedy, and if defendant, or the city and county of San Francisco, wrongfully withholds money which belongs to the petitioner, his remedy is by action in the ordinary course of law.
Garoutte, J., and Beatty, C. J., concurred.